1
2
3
4
5               **UNITED STATES DISTRICT COURT**
6                    **DISTRICT OF NEVADA**
7
8 MICHAEL A. CLARK,         )       2:11-cv-01850-GMN-VCF
                    )
9        Plaintiffs,          )
                    )      **ORDER**
10     vs.                )
                    )
11 KELLY BELANGER, et al.,    )
                    )
12        Defendants.      )
                    )
13 _____)

14       Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has

15 filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 13) along with a motion

16 to extend prison copywork limit (ECF No. 2) a motion for the Clerk to serve all documents (ECF No.

17 4), a motion for a hearing regarding the motion for copywork (ECF No. 5), a motion to amend or correct

18 his complaint (ECF No. 10), a motion for all motions to be decided (ECF No. 14), a motion for a copy

19 of the complaint and all future filings to be file stamped and. served upon defendants (ECF No. 15) and

20 a motion for recusal of Magistrate Judge Cam Ferenbach (ECF No. 16).  The matter of the filing fee has

21 been temporarily deferred and the court screened plaintiff's original civil rights complaint pursuant to

22 28 U.S.C. § 1915A, which was dismissed with leave to amend.

23       Plaintiff has also filed various motions seeking an extension of his copywork allowance

24 (ECF Nos. 2), as well as a motion for the Clerk to serve all documents on defendants (ECF No. 4), a

25 motion for hearing on his motions (ECF No. 5) and a motion apparently combining his previous motions

26 (ECF No. 6).

27       The various motions, except the motion to recuse, indicate that plaintiff is in arrears for

28 copywork in the amount of $167.50 and that he has been denied additional copywork unless he obtains

an order from this Court.  This issue of no copywork appears to be the impetus for the various other motions, as plaintiff alleges he is unable to obtain copies of the various documents he is filing in order to serve them and future documents upon the defendants.  In its effort to ascertain why plaintiff was without copywork funds, it has come to the Court's attention that plaintiff should be subject to the provisions of 28 U.S.C. § 1915(g).

Three previous actions initiated by plaintiff were found to fail to state viable claims and were dismissed before service.  The Court therefore finds plaintiff to be subject to the restrictions set forth in 28 U.S.C. § 1915(g), and will deny him *in forma pauperis* status unless he can satisfy the requirements of that statute.

In this case, plaintiff submitted his *pro se* civil rights complaint (ECF No. 1) on November 16, 2011.  He has not paid the $350 filing fee but seeks leave to proceed in *forma pauperis*.  Under 28 U.S.C. § 1915(g), if a prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or an appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," that prisoner shall be precluded from commencing any new cases *in forma pauperis* except upon a showing of an imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Plaintiff has previously filed the following actions, each of which was dismissed before service for failure to state a claim upon which relief could be granted:

- • *Clark v. Williams,* 2:10-cv-00591-RLH-RJJ;
- • *Clark v. NDOC Medical*, 2:10-cv-00882-RLH-RJJ; and,
- • *Clark v. Neven,* 2:10-cv-0944-RLH-RJJ.

In each case, plaintiff's complaint was dismissed and judgment entered after plaintiff was unable to state a claim for relief in the complaint.  Plaintiff is therefore subject to the restrictions of 28 U.S.C. § 1915(g).

The amended complaint that plaintiff has submitted raises claims that he was denied due process in disciplinary proceedings, that his property, including food items, has improperly been confiscated during cell searches because correctional officers have found the items to be altered or damaged, and that he has suffered a violation of the equal protection clause because the institution where

1  he resides has implements policies related to bathroom breaks during outdoor time, the denial of leave

2  to bring outside condiments to the dining hall and denial of access to the May 2012 issue of Penthouse

3  Magazine, which are different from other prisons in the Nevada system.  Thus, the Court is able to

4  discern that plaintiff is not at imminent risk of serious physical injury so as to waive the filing fee

5  requirement imposed under § 1915(g).

6           Consequently, plaintiff's application to proceed in *forma pauperis* (ECF No. 7) will be

7  denied at this time.  Plaintiff will be given thirty days to pay the full filing fee.  If plaintiff fails to pay

8  the filing fee, this action will be dismissed.

9           The Court will also order that, in the future, while plaintiff is incarcerated, if plaintiff

10  seeks *in forma pauperis* status for the filing of a lawsuit, he must attach a copy of this Order to his

11  Application to Proceed *in Forma Pauperis*, or plainly inform the Court in such application that he has

12  been held subject to the restrictions of 28 U.S.C. § 1915(g).  In addition, of course, plaintiff must

13  truthfully respond to the inquiries in the Court's form civil rights complaint regarding dismissals of prior

14  actions.

15           Finally, the motion to recuse shall be denied as frivolous and improper. Recusal is

16  appropriate where a "reasonable person with knowledge of all the facts would conclude that the judge's

17  impartiality might reasonably be questioned."•  *Yagman v. Republic Ins*., 987 F.2d 622, 626 (9th Cir.

18  1993) quoting *In re Yagman*, 796 F.2d 1165, 1179 (9th Cir.), amended 803 F.2d 108 (9th Cir. 1986)

19  (applying section 455); *see also United States v. Conforte*, 624 F.2d 869, 880-81 (9th Cir.) (discussing

20  standard for disqualification under sections 144 and 455), *cert*. denied, 449 U.S. 1012, 101 S.Ct. 568,

21  66 L.Ed.2d 470 (1980). Accordingly, recusal will be justified either by actual bias or the appearance of

22  bias. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1991).

23           Magistrate Judge Ferenbach's order to dismiss the original complaint without prejudice

24  denied plaintiff none of the rights or privileges he asserts were lost due to the original screening order

25  and is no basis for a conclusion that the magistrate judge is in any way biased.  The fact that the

26  Magistrate Judge has been named as a defendant in the amended complaint is of no moment, as will be

27  explained in a future screening order, if and when plaintiff pays the required $350 filing fee.

28           **IT IS THEREFORE ORDERED** that plaintiff's Application to Proceed *in Forma*

1    *Pauperis* (ECF No. 7) is **DENIED**.

2            **IT IS FURTHER ORDERED** that plaintiff shall have thirty days from entry of this

3    Order to pay the $350 filing fee for this action.  If plaintiff fails to do so in the time allowed, this action

4    will be dismissed and judgment entered against plaintiff.

5            **IT IS FURTHER ORDERED** that if plaintiff, while incarcerated, seeks to proceed *in*

6    *forma pauperis* in any new case in federal court, he shall attach a copy of this Order to his Application

7    to Proceed *in Forma Pauperis*, or he shall plainly inform the Court in such application that he has been

8    held subject to the restrictions of 28 U.S.C. § 1915(g).

9            **IT IS FURTHER ORDERED** that all pending motions related to service of the filings

10   and the extension of copy work (ECF Nos. 2, 10, 14, 15 and 16) are **DENIED.**

11           **IT IS FURTHER ORDERED** that the Clerk of Court shall **SEND** a copy of this order

12   to the Attorney General of the State of Nevada.

13           DATED this 23rd day of May, 2012.

14

15                                                                    _____

16                                                                    Gloria M. Navarro
                                                                      United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28