UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MICHAEL A. CLARK,

          Plaintiff,

v.

KELLY BELANDER, *et al.,*

          Defendant.

2:11-cv-01850-GMN -VCF

**O R D E R**

Before the court are plaintiff Michael A. Clark's Motion for Clerk to Serve All Documents on File and Filed in Future Upon A.G. (#4), Motion for Hearing Re: Motion (#2) to Extend Prison Copywork Limit (#5), and Motion for Copies of All Docs Filed and on File to be Served Upon Plaintiff (#6).

**Background**

Plaintiff Clark filed a motion/application to proceed *in forma pauperis* (#1) and a motion to extend prison copywork limit (#2) on November 16, 2011. On November 21, 2011, the court denied plaintiff's motion/application (#1) due to plaintiff's failure to submit a completed and signed financial certificate as required under 28 U.S.C. § 1915(a)(1)-(2). (#3). The court held that "[p]laintiff shall have thirty (30) days in which to either submit a complete *in forma pauperis* application, or pay the full $350.00 filing fee." *Id.* On December 1, 2011, plaintiff filed the instant motions. (#4, #5, and #6). On December 20, 2011, plaintiff filed another motion/application to proceed *in forma pauperis.* (#7). On February 28, 2012, the court issued a screening order deferring ruling on the pending motions (#4, #5, and #6) and the *in forma pauperis* motion (#7) until the court determines if plaintiff's civil action may proceed. (#8). The court ordered the clerk to file plaintiff's complaint, which the court dismissed *without prejudice* with leave to file an amended complaint within thirty (30) days. *Id.* The clerk filed plaintiff's complaint on February 28, 2012. (#9).

On April 2, 2012, plaintiff filed a motion to amend/correct complaint (#9). (#10). On April 3, 2012, the court issued an order permitting plaintiff to file an amended complaint with thirty (30) days from the entry of the order. (#11). On May 7, 2012, plaintiff filed an amended complaint (#13), a motion for all motions on file to be decided (#14), a motion for copy of this complaint and all future filings to be stamped, filed, and served upon all respondents for defendants and plaintiff by clerk (#15), and a motion for recusal of Judge Cam Ferenbach (#16). On May 23, 2012, the court issued an order denying plaintiff's motion/application (#7), ordering plaintiff to pay the filing fee within thirty (30) days, and denying all pending motions related to the service of filings, the extension of copy work, and the recusal of judges (#2, #10, #14, #15, and #16). (#17).

The court denied plaintiff's *in forma pauperis* motion based on a finding that he is subject to the provisions of 28 U.S.C. § 1915(g). *Id.* Pursuant to 28 U.S.C. § 1915(g), if a prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or an appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," that prisoner shall be precluded from commencing any new cases *in forma pauperis* except upon a showing of an imminent danger of serious physical injury. 28 U.S.C. § 1915(g). *Id.*

**Pending Motions (#4, #5, and #6)**

In plaintiff's remaining motions, he asks this court to serve documents on the Attorney General, conduct a hearing on the motion to extend copywork (#2), and provide him with copies of all documents filed in this action. (#4, #5, and #6).

Pursuant to § 1915(d), if a party is permitted to proceed *in forma pauperis,* "[t]he officers of the court shall issue and serve all process, and perform all duties..." 28 U.S.C. § 1915(d). As plaintiff's motion/application to proceed *in forma pauperis* was denied (#17), plaintiff is not entitled to have the officers of the court serve the defendants. *Id.* Plaintiff's request for the court to serve documents (#4) is denied. The court denied the motion to extend copywork (#2) on May 23, 2012. (#17). The request

1 for a hearing (#5) on the motion is moot.

2       The statute providing authority to proceed *in forma pauperis*, 28 U.S.C. § 1915, does not include
3 the right to obtain court documents without payment. Although the Ninth Circuit has not spoken on the
4 issue, courts in other jurisdictions have not allowed plaintiffs proceeding *in forma pauperis* to receive
5 free copies of documents from the court without the plaintiff demonstrating a specific showing of need.
6 *See, e.g., Collins v. Goord,* 438 F.Supp. 2d 399 (S.D.N.Y. 2006); *Guinn v. Hoecker,* 43 F.3d 1483 (10th
7 Cir. 1994) (no right to free copy of any document in record unless plaintiff demonstrates specific need);
8 *In re Richard*, 914 F.2d 1526 (6th Cir. 1990) (28 U.S.C. § 1915 does not give litigant right to have
9 documents copied at government expense); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (no
10 free copy of court orders). As plaintiff's motion/application to proceed *in forma pauperis* was denied
11 (#17), even if plaintiff demonstrated a "specific need" for the copies, there are no grounds for the court
12 to provide plaintiff with copies of the documents in this action. The request for copies of all documents
13 filed (#6) is denied.

14       Accordingly, and for good cause shown,

15       IT IS ORDERED that plaintiff Michael A. Clark's Motion for Clerk to Serve All Documents
16 on File and Filed in Future Upon A.G. (#4), Motion for Hearing Re: Motion to Extend Prison Copywork
17 Limit (#5), and Motion for Copies of All Docs Filed and on File to be Served Upon Plaintiff (#6) are
18 DENIED.

19       DATED this 1st day of June, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

3